VIDAL v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision rendered by the Registrar of Property. of Ponce.

No. 20.—Decided March 7, 1907.

RECORD—INCURABLE DEFECT—AGENT.—Where an agent accepts a deed of sale without being expressly authorized to purchase property in the name of his principal, the deed is fatally defective and null and void; therefore it cannot be recorded in the registry of property.

LEGALIZATION—DOCUMENTS EXECUTED IN FOREIGN COUNTRIES.—Documents executed in foreign countries must be duly legalized in order that they may have legal effect.

The facts are stated in the opinion.
The appellant did not appear.
MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Manuel J. Vidal as the agent by verbal appointment of Luis Sprinjol from a decision of the Registrar of Property of Ponce, refusing to admit to record a deed of sale.

By public deed executed in Ponce before Rafael León y Paz, a notary of the same, on November 9, 1901, Benito Villate y Castresna sold to Luis Sprinjol, at the attorney in fact of Ana Valenciano y Curbelo, the wife of Eduardo Puertas y Martínez, both of them residents of that city, but on that date residing in the Danish island of Curacao, a lot with three frame houses described in the deed of sale. The power of attorney conferred by Ana Valenciano upon Luis Sprinjol was executed before a notary of the island of Curacao, Jan Hendrich Rudeloff Beanjon, on May 2, 1901, and contains, among other powers, the following: "To sell with or without a clause of redemption, to sell back to the first vendor, exchange, encumber and effect by mortgage any real or personal property or chattels belonging to the principal, or which she may ac-. quire hereafter, in the city of Ponce and other places of the Island of Porto Rico, for the prices and under the conditions and in the manner which he may consider most advantageous or convenient to the interests of the principal, to which end he will execute and sign the deeds and documents which the nature of the matter may require, with the formalities of law." The signature of the notary executing the power of attorney was authenticated by the governor of Curacao, but that of the latter was not authenticated by the consul of the United States in that island, nor by the Secretary of State of this Island of Porto Rico, because at his office there was no official record of the seal and signature of the Governor of that foreign island.

Upon the presentation of a copy of this deed in the Registry of Property of Ponce for record, the registrar denied the record on the grounds set forth in the decision which he wrote at the foot of the deed, which reads as follows:

"The record of the foregoing document is denied on account of the incurable defect that Luis Sprinjol lacks capacity to represent the vendee, because in addition to the fact that the power of attorney was not properly authenticated, such power does not confer upon him authority to purchase property for his principal. Furthermore, the

curable defect is noted that the said document does not show whether the purchase referred to is made with money exclusively belonging to the wife, and in view of such omission it must be considered as money belonging to the conjugal partnership, wherefore it devolves exclusively upon the husband, as the representative of the conjugal partnership, to authorize the purchase made; and in lieu of the desired record a cautionary notice is entered, to have effect during four months, at folio 29, reverse side, of volume 78 of this city, estate No. 3386, record letter A.—Ponce, September 25, 1906.''

As the party presenting the deed did not acquiesce in this decision of the registrar, he left it in the possession of said official to be transmitted to this Supreme Court for proper decision, which the registrar did, together with a communication setting forth the grounds he deemed pertinent in support of his decision.

As Luis Sprinjol lacked legal capacity as the attorney in fact of Ana Valenciano y Curbelo to accept the deed of purchase in question in the name of his principal, both because the power of attorney executed in his favor by said lady on the Danish islànd of Curacao had not been properly authenticated, and because it did not confer authority to purchase property in the name of his principal, but only to sell such property as belonged to her, or which she might acquire in the future, in the city of Ponce, or in any other part of this Island of Porto Rico, there is no doubt that said deed contains a radical defect which renders it void and prevents its record in the registry of property.

In admitting either of the grounds alleged by the registrar for his refusal to record the deed, it becomes unnecessary to render any opinion on the other grounds alleged by him in his decision to the same effect.

In view of articles 65 of the Mortgage Law and 110 of its Regulations, the decision of the Registrar of Ponce, appearing at the foot of the deed in question, is affirmed in so far as thereby said document is refused admission to record upon the first ground alleged by the registrar, and the aforesaid

deed is ordered to be returned to him, together with a certified copy of this decision, for his information and other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.